ORIGINAL

FILED
OCT 16 2006
U.S. COURT OF FEDERAL CLAIMS

## IN THE UNITED COURT OF FEDERAL CLAIMS

SAGUARO CHEVROLET, INC., an Arizona Corporation,

Plaintiff,

vs.

THE UNITED STATES,

Defendant.

No. 06-714 C

## COMPLAINT

1. This is an action to enforce a contract between Saguaro Chevrolet, Inc. ("Saguaro"), the Colorado River Indian Tribes ("CRIT") and the United States, because the property at issue is in trust or restricted status.

2. Saguaro entered into a fifty (50) year lease with CRIT, Lease No. B-549-CR effective as of August 20, 1981 ("Lease"), approved by the Secretary of the Interior.

3. On or about July 20, 2001, and August 20, 2001 ("Default Notices"), CRIT notified Saguaro of three alleged violations of the Lease under Article 17. SUBLEASE, ASSIGNMENT, TRANSFER, Article 24, Public Liability Insurance, and Article 25, FIRE AND DAMAGE INSURANCE ("alleged Lease defaults").

4. The Default Notices only provided Saguaro ten (10) days in which to cure the alleged Lease defaults.

5. Paragraph 28 of the Lease required that Saguaro be given sixty (60) days in which to cure the alleged Lease defaults.

6. On or about August 31, 2001, Saguaro provided to CRIT documents demonstrating there was no alleged Lease defaults, including a copy of the sale documents of Saguaro's corporate stock to Bradley Chevrolet, Inc., together with an affirmation from Saguaro regarding this sale, and proof of insurance.

7. On or about February 11, 2003, CRIT provided certified mail notice through its Acting Superintendent, of cancellation of the Lease ("Termination Decision") effective thirty (30) days from receipt of the termination letter.

8. On or about March 7, 2003, Saguaro filed a Notice of Appeal of the Termination Decision to United States Bureau of Indian Affairs Western Regional Office ("Western Region").

9. On or about June 15, 2004, Western Region issued a final administrative decision denying Saguaro's appeal from the Termination Decision ("Denial").

10. On or about July 14, 2004, Saguaro filed a Notice of Appeal to Interior Board of Indian Appeals Office of Hearings and Appeals ("IBIA") contesting the Denial ("IBIA Appeal") by mailing it to the IBIA filing office.

11. On or about December 20, 2005, IBIA issued a Denial of Receipt of Notice of Appeal and Demand for Proof of Mailing.

12. Although Saguaro filed a Statement of Compliance/Proof of Mailing on or about January 4, 2006, and Brief Regarding Timeliness of Appeal on or about January 19, 2006, on May 30, 2006, IBIA issued a final order docketing and dismissing the IBIA Appeal as untimely filed ("Final Denial").

13. The Final Denial constitutes a final and reviewable decision of Interior pursuant to 5 U.S.C. §704.

14. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1491, since it is a claim arising out of a contract with CRIT, which required approval by the United States acting through the Secretary of the Interior.

15. Pursuant to the Lease, Saguaro was not in default for breach of any covenant of the Lease unless such continued for sixty (60) days after written notice by CRIT or the Secretary of the Interior.

16. At the time the Termination Decision was made, Saguaro was not in breach of the Lease because Saguaro had not entered into a sale of its stock and had not violated Article 17 of the Lease. Further, Saguaro had not entered into a Sublease, Assignment or Transfer of the Lease.

17. At the time the Termination Decision was made, Saguaro had insurance, and had not violated Articles 24 and 25 of the Lease because its insurance coverage was equal to or greater than that required by the Lease.

18. At the time the Termination Decision was made, neither CRIT nor the Secretary of the Interior had provided Saguaro the requisite sixty (60) days prior written notice to cure, as required by the Lease.

19. The Termination Decision was unsupported by substantial evidence, unwarranted by the facts, and was a breach of the Lease by CRIT and the United States because there was no breach of the Lease by Saguaro.

20. Regardless of the Termination Decision, Saguaro had continued to timely pay its annual rentals to the CRIT, the next such payment being due on January 1, 2007, and has continued to perform all the terms and conditions of the Lease.

21. Saguaro wants to continue its Lease with CRIT and urges this Court to set aside the Termination Decision and order specific performance of the Lease.

22. Alternatively, if this Court does not order specific performance of the Lease, Saguaro's stock sale will be terminated causing a monetary loss to Saguaro in excess of $1,675,000.00, plus attorneys' fees and costs incurred herein.

23. Pursuant to paragraph 29 of the Lease, the losing party shall pay reasonable attorneys' fees of the prevailing party to be fixed by the Court, such fees and costs to include those incurred herein and those incurred in connection with appeal of the Termination Decision.

WHEREFORE, Saguaro prays for judgment against the United States as follows:

1. For an Order directing specific performance of the Lease or for damages in the amount of $1,675,000.00;

2. For pre-judgment and post-judgment interest as permitted by law;

3. Awarding Saguaro its attorneys fees pursuant to Article 29 of the Lease;

4. For such other and further relief as the Court deems just and proper.

DATED this 12 day of October, 2006.

WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC

By: ______________________
Jack Daniel Klausner
Catherine Conner
3550 North Central Avenue #1500
Phoenix, Arizona 85012
Phone: (602) 264-7101
Fax: (602) 234-0419
Attorneys for Plaintiff