**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SAGUARO CHEVROLET, INC.,**<br>**an Arizona Corporation,** | ) | |
| **Plaintiff,** | ) | **No. 06-714** |
| **vs.** | ) | **Judge Emily C. Hewitt** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

SUE ELLEN WOOLRIDGE
Assistant Attorney General

SAMANTHA KLEIN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Address for USPS delivery:
P.O. Box 663
Washington, D.C. 20044-0663
Street Address (for Fedex or messenger delivery):
601 D St. NW, Rm. 3206
Washington DC 20004
samantha.klein@usdoj.gov
(202) 305-0474 (PHONE)
(202) 305-0506 (FAX)

OF COUNSEL:
Janet L. Wong
U.S. Department of the Interior
Office of the Solicitor

**TABLE OF CONTENTS**

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. Plaintiff's Complaint Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Plaintiff's Claim for Money Damages Must Fail Because Plaintiff Is Not In Privity of Contract With Defendant . . . . . . . . . . . . . . . . . . . . . 7

B. Plaintiff's Claim for Specific Performance Must Fail Because This Court May Not Order Such Equitable Relief . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Adair v. United States,
70 Fed. Cl. 65 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265 (Cl. Ct. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arakaki v. United States,
71 Fed. Cl. 509 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

Bath Iron Works Corp. v. United States,
27 Fed. Cl. 114 (Fed. Cl. 1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . 5

Board Of Trustees of Bay Medical Center v. Humana Military Health Care Services, Inc.,
447 F.3d 1370 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Brannan v. United States,
7 Cl. Ct. 399 (Cl. Ct. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cienega Gardens v. United States,
194 F.3d 1231 (Fed. Cir. 1998), cert. denied, Sherman Park Apartments v. United States, 528 U.S. 820 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (Cl. Ct 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (Cl. Ct. 1984), aff'd, 758 F.2d 665 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . 5

Erickson Air Crane Co. v. United States,
731 F.2d 810 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Etchey v. United States,
15 Cl. Ct. 152 (Cl. Ct. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

First Hartford Corp. v. United States,
194 F.3d 1279 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fisher v. United States,
402 F.3d 1167 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Globex Corp. v. United States,
54 Fed. Cl. 343 (Fed. Cl. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Malone v. United States,
34 Fed. Cl. 257 (Fed. Cl. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Merritt v. United States,
267 U.S. 338 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

National American Insurance Co. v. United States,
72 Fed. Cl. 451 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Navajo Nation v. United States,
46 Fed. Cl. 217 (Fed. Cl. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

O. Ahlborg & Sons, Inc. v. United States,
– Fed. Cl. –, 2006 WL 3094054 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Putnam Mills Corp. v. United States,
479 F.2d 1334 (Ct. Cl. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ransom v. United States,
900 F.2d 242 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Reynolds v. Army and Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rosenberg v. United States,
72 Fed. Cl. 387 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Ruttenburg v. United States,
65 Fed. Cl. 43 (Fed. Cl. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sangre De Cristo Dev. Co. v. United States,
932 F.2d 891 (10th Cir. 1991), cert. denied 503 U.S. 1004 (1992) . . . . . . . . . 8, 10, 11, 12

Saguaro Chevrolet, Inc. v. U.S. Department of the Interior,
Dist. Ariz. No. CIV-06-1656-PCT-DKD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Scheuer v. Rhodes,
416 U.S. 232 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schnelle v. United States,
69 Fed. Cl. 463 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sucesion J. Serralles, Inc. v. United States,
46 Fed. Cl. 773 (Fed. Cl. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Thomson v. Gaskill,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Todd v. United States,
386 F.3d 1091 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Travelers Indemnity Co. v. United States,
72 Fed. Cl. 56 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

United States v. Algoma Lumber Co.,
305 U.S. 415 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 12

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984) . . . . . . . . . . . . . . . . . . 5

United States v. Johnson Controls, Inc.,
713 F.2d 1541 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

United States v. Mitchell,
463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Warr v. United States,
46 Fed. Cl. 343 (Fed. Cl. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 9, 11, 12

Wopsock v. Natchees,
454 F.3d 1327 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL STATUTES**

25 U.S.C. § 415(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 10, 11
28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.S.C. § 1491(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**FEDERAL RULES**

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6, 13
RCFC 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 14

**FEDERAL REGULATIONS**

25 C.F.R. part 162 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8
25 C.F.R. § 162.602(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
25 C.F.R. § 162.604(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
25 C.F.R. § 162.619(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SAGUARO CHEVROLET, INC.,**<br>**an Arizona Corporation,** | ) | |
| **Plaintiff,** | ) | **No. 06-714** |
| **vs.** | ) | **Judge Emily C. Hewitt** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, THE UNITED STATES, respectfully moves, pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"), or, in the alternative, pursuant to RCFC 12(b)(6), for dismissal of Plaintiff's Complaint. This Court lacks subject matter jurisdiction over Plaintiff's claims, or, in the alternative, Plaintiff has failed to state a claim upon which relief can be granted. A memorandum in support of this motion follows.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Saguaro Chevrolet, Inc., a car dealership, has brought an action against the United States to enforce a lease that Plaintiff entered into with the Colorado River Indian Tribes ("CRIT"), or in the alternative, for damages in the amount of $1.675 million. Plaintiff alleges, incorrectly, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1491 (the

"Tucker Act") because Plaintiff's lease with CRIT required approval by Defendant. However, Plaintiff has failed to establish privity of contract between Plaintiff and Defendant and thus has failed to assert subject matter jurisdiction over its claim for money damages. In the alternative, Plaintiff has failed to state a claim for money damages upon which relief can be granted. Further, this Court is not vested with the authority to order equitable relief such as specific performance of a lease. Therefore, this Court should dismiss Plaintiff's Complaint in its entirety.

## STATEMENT OF FACTS

On August 20, 1981, Plaintiff entered into a 50-year lease with CRIT, Lease No. B-549-CR. Plaintiff's Complaint ("Compl.") ¶ 2. The lease was simultaneously approved by the Secretary of the Interior, id., pursuant to 25 U.S.C. § 415(a) and 25 C.F.R. part 162. On or about July 20, 2001 and August 20, 2001, CRIT notified Plaintiff of three alleged violations of the lease. Compl. ¶ 3. On or about August 31, 2001, Plaintiff alleged it provided CRIT with documentation demonstrating there were no lease defaults. Compl. ¶ 6. On or about February 11, 2003, CRIT provided certified mail notice of cancellation of the lease through the Acting Superintendent of the United States Bureau of Indian Affairs ("BIA"), Compl. ¶ 7, pursuant to 25 C.F.R. § 162.619(c). Plaintiff filed a notice of appeal to the regional office of the BIA on or about March 7, 2003. Compl. ¶ 8. On or about June 15, 2004, Plaintiff's appeal was denied. Compl. ¶ 9. Plaintiff alleges it sent a notice of appeal to the Interior Board of Indian Appeals Office of Hearing and Appeals ("IBIA") on or about July 14, 2004. Compl. ¶ 10. On or about May 30, 2006, the IBIA dismissed the appeal as untimely. Compl. ¶ 12.

Plaintiff has brought this action requesting this Court set aside the termination of the lease and grant Plaintiff specific performance of the lease, or in the alternative, for damages in the amount of $1.675 million plus interest and attorneys fees.[1/] Compl. ¶¶ 21-23.

## ARGUMENT

### I. Standard of Review

Subject matter jurisdiction is a threshold issue that a court must consider before evaluating the merits of a case. See Arakaki v. United States, 71 Fed. Cl. 509, 521 (Fed. Cl. 2006) (citations omitted). In a Rule 12(b)(1) motion, the plaintiff bears the burden to show by a preponderance of the evidence that the district court has subject matter jurisdiction. See, e.g., American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (Cl. Ct. 1990) ("where the court's jurisdiction is put in question, plaintiff 'bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence'"), quoting Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); accord Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged . . . , [it] bears the burden of supporting the allegations by competent proof"); Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (Cl. Ct 1991). In considering a motion to dismiss for lack of jurisdiction, the court assumes all well-pleaded factual allegations are true and draws all

---

[1/] Plaintiff states in the Complaint that the "losing party shall pay reasonable attorneys' fees of the prevailing party to be fixed by the Court, such fees and costs to include those incurred herein and those incurred in connection with appeal of the Termination Decision." Compl. ¶ 23. Presumably, the latter clause is a reference to an action instituted by Plaintiff in the Arizona district court under the Administrative Procedure Act challenging the IBIA's decision dismissing as untimely Plaintiff's appeal of the June 15, 2004 decision. See Saguaro Chevrolet, Inc. v. U.S. Department of the Interior, Dist. Ariz. No. CIV-06-1656-PCT-DKD

reasonable inferences in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)). However, where a motion to dismiss properly asserts that the Court lacks jurisdiction over the subject matter of the complaint, the correct remedy is dismissal of the action or to transfer it to another federal court that would have jurisdiction. See Travelers Indemnity Co. v. United States, 72 Fed. Cl. 56, 60 (Fed. Cl. 2006).

RCFC 12(b)(6) provides for dismissal based on the “failure to state a claim upon which relief can be granted.” RCFC 12(b)(6). This rule “addresses the question of whether in a specific case a court is able to exercise its general power with regard to the facts peculiar to the specific claim.” Warr v. United States, 46 Fed. Cl. 343, 346 (Fed. Cl. 2000) (internal citations omitted). The court assumes all well-pleaded factual allegations are true and draws all reasonable inferences in favor of the plaintiff when considering a motion to dismiss under RCFC 12(b)(6). See Scheuer, 416 U.S. at 236. “Dismissal is proper where plaintiff[s] ‘can prove no set of facts in support of [their] claim which would entitle [them] to relief.’” Adair v. United States, 70 Fed. Cl. 65, 68 (Fed. Cl. 2006) (internal citations omitted). Dismissal under RCFC 12(b)(6) “constitutes an adjudication on the merits of the claim.” Warr, 46 Fed. Cl. at 346 (internal citations omitted).

For the purposes of this motion only, the facts contained in the Complaint are not in dispute. Rather, Defendant’s motion accepts the allegations in the Complaint as true. Should this motion be denied in whole or in part, Defendant reserves the right to controvert any and all facts in the Complaint.

**II. Plaintiff's Complaint Must Be Dismissed**

As is well settled, this Court -- like its predecessor, the Court of Claims -- is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (Fed. Cl. 1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (Cl. Ct. 1984), aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity and such waiver "cannot be implied, but must be unequivocally expressed." United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. King, 395 U.S. 1, 4 (1969).

The jurisdiction of this Court is set forth in the Tucker Act, which provides the Court of Federal Claims "jurisdiction over a claim where a substantive right exists elsewhere, such as in a contract or 'money-mandating' statute or regulation."[2/] Warr, 46 Fed. Cl. at 346-47, citing United States v. Mitchell, 463 U.S. 206, 212 (1983); Testan, 424 U.S. at 398; see Wopsock v. Natchees, 454 F.3d 1327, 1331 (Fed. Cir. 2006); United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984). Thus, the Tucker Act does not, in itself, authorize a substantive right of recovery against the United States for money damages. Instead, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."

---

[2/] The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Fisher v. United States 402 F.3d 1167, 1172 (Fed. Cir. 2005);[3] see Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself").[4]

---

[3] In Fisher, the United States Court of Appeals, Federal Circuit, sought to clarify Tucker Act jurisprudence, because in such cases, "the question of the court's jurisdictional grant blends with the merits of the claim. This mixture has been a source of confusion for litigants and a struggle for courts." 402 F.3d at 1171-72. The Federal Circuit set forth a single step approach for evaluating whether a source is money-mandating, overruling prior precedent which had employed a two-step process:

> [T]he trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating. If the court's conclusion is that the Constitutional provision, statute, or regulation meets the money-mandating test, the court shall declare that it has jurisdiction over the cause, and shall then proceed with the case in the normal course . . . . If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal– the absence of the money-mandating source being fatal to the court's jurisdiction under the Tucker Act.

Id. at 1173 (internal citations omitted).

[4] Defendant has moved to dismiss, in the alternative, for failure to state a claim upon which relief can be granted because Fisher did not directly address a contract action and because at least one case following Fisher appeared to suggest that such an action is properly brought under RCFC 12(b)(6) rather than RCRC 12(b)(1). See National American Insurance Co. v. United States, 72 Fed. Cl. 451, 453, n.6 (Fed. Cl. 2006). However, several decisions appear to have applied the one-step test set forth in Fisher to contract actions and dismissed causes of action on jurisdictional grounds where privity of contract could not be properly established by a plaintiff. See, e.g., Travelers Indemnity Co., 72 Fed. Cl. at 58, n.2 (finding, under Fisher, a motion to dismiss by the United States in a case where plaintiff sought reimbursement of payments it made to subcontractors and suppliers should have been brought pursuant to RCFC 12(b)(1) rather than RCFC 12(b)(6)); Arakaki, 71 Fed. Cl. at 520-521 and n. 7 (although fashioned as RCFC 12(b)(6) motion, court dismissed under RCFC 12(b)(1) where plaintiff lacked privity of contract with the government, finding "plaintiff has failed to identify a source mandating the payment of money" as required under Fisher); Schnelle v. United States, 69 Fed. Cl. 463, 465-67 (Fed. Cl. 2006)

(continued...)

### A. Plaintiff's Claim for Money Damages Must Fail Because Plaintiff Is Not In Privity of Contract With Defendant

In order "to maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the Government." O. Ahlborg & Sons, Inc. v. United States, – Fed. Cl. –, 2006 WL 3094054 at *9 (Fed. Cl. 2006), quoting Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998), cert. denied, Sherman Park Apartments v. United States, 528 U.S. 820 (1999); see Merritt v. United States, 267 U.S. 338, 340 (1925); Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984); Etchey v. United States, 15 Cl. Ct. 152, 153-54 (Cl. Ct. 1988); Putnam Mills Corp. v. United States, 479 F.2d 1334, 1337 (Ct. Cl. 1973). "A finding of privity between the [p]laintiff and the Government is a jurisdictional prerequisite for a contract claim because the government consents to be sued only by those with whom it has privity of contract." O. Ahlborg & Sons, – Fed. Cl. –, 2006 WL 3094054 at *9 (internal quotation marks omitted), quoting Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (Fed. Cl. 2002); see Erickson Air Crane Co., 731 F.2d at 813; United States v. Johnson Controls, Inc., 713 F.2d 1541, 1557 (Fed. Cir. 1983); Malone v. United States, 34 Fed. Cl. 257, 260 (Fed. Cl. 1995); Etchey, 15 Cl. Ct. at 153-54; Brannan v. United States, 7 Cl. Ct. 399, 403 (Cl. Ct. 1985); see also Arakaki, 71 Fed. Cl. at 521 ("Standing is a jurisdictional issue . . . . To have standing to sue the sovereign on a contract claim, the plaintiff must be in

---

[4/](...continued)
(applying the test set out in Fisher, the court found it lacked jurisdiction where plaintiff failed to establish a right to money damages for breach of a settlement agreement); see also Board Of Trustees of Bay Medical Center v. Humana Military Health Care Services, Inc., 447 F.3d 1370, 1375 (Fed. Cir. 2006) (finding that where the government was not a proper defendant in a breach of contract claim for money damages, the Court of Federal Claims would lack jurisdiction because there was no separate source creating a right to money damages as stated in Fisher).

privity of contract with the United States."). Thus, "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government and entitle the plaintiff to money damages in the event of the government's breach of that contract." Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990).

In its Complaint, Plaintiff alleges that this is a breach of contract matter. However, the only contract present in the instant case is the lease between Plaintiff and CRIT. Plaintiff, in its Complaint, acknowledges that its contract was with CRIT, and not Defendant. Compl. ¶ 14; see also id. at ¶ 21 (stating Plaintiff "wants to continue its [l]ease with CRIT"). Plaintiff also acknowledges in the Complaint that it makes lease payments directly to CRIT. Compl. ¶ 20. Plaintiff may point to the fact that the Superintendent of the Colorado River Agency signed the lease under the heading "Approved," pursuant to the requirements of 25 U.S.C. § 415(a) and 25 C.F.R. part 162, and sent the notice of cancellation pursuant to 25 C.F.R. § 162.619(c).[5] However, case law demonstrates that such approval does not put Plaintiff in privity of contract with Defendant. See United States v. Algoma Lumber Co., 305 U.S. 415 (1939); Warr, 46 Fed. Cl. 343; see also Sangre De Cristo Dev. Co. v. United States, 932 F.2d 891 (10th Cir. 1991), cert.

---

[5] Section 415(a) provides:

> Any restricted Indian lands, whether tribally, or individually owned, may be leased by the Indian owners, with the approval of the Secretary of the Interior, for public, religious, educational, recreational, residential, or business purposes, including the development or utilization of natural resources in connection with operations under such leases . . . . [A]ll leases and renewals shall be made under such terms and regulations as may be prescribed by the Secretary of the Interior.

25 U.S.C. § 415(a). 25 C.F.R. § 162.602(d) provides that Indian tribes may enter into non-agriculture leases. 25 C.F.R. § 162.604(a) requires the Secretary of the Interior to approve such leases. 25 C.F.R. § 162.619(c) requires the BIA to send a cancellation letter within five days of its decision to cancel the lease.

denied 503 U.S. 1004 (1992). Nor does Defendant's role in the lease cancellation put it into privity of contract with Plaintiff. See Warr, 46 Fed. Cl. 343

In Algoma Lumber, a timber company entered into a logging contract with the Klamath Indians pursuant to a statute authorizing sale of timber on unallotted Indian trust lands; the statute also required approval by the Secretary before any of the timber could be sold. Algoma Lumber, 305 U.S. at 417. The terms of the contract declared it to be entered into between the Superintendent of the Klamath Indian School, for and on behalf of Klamath Indians and the timber company. Id. at 421. Payments for the timber, minus expenses, were deposited in the United States Treasury for the benefit of the Indians. Id. at 420. The company ultimately claimed it had overpaid for the timber and sued the United States as signatory on the contract to recover the overpayment. Id. at 417.

In refusing to extend liability to the United States, the Supreme Court found that the United States was not a party to the contract:

> The form of the contract and the procedure prescribed for its execution and approval conform to the long-established relationship between the government and the Indians, under which the government has plenary power to take appropriate measures to safeguard the disposal of property of which the Indians are the substantial owners. Exercise of that power does not necessarily involve the assumption of contractual obligations by the government. Their assumption is not to be presumed in the absence of any action taken by the government or on its behalf indicating such a purpose.

Id. at 421. The Supreme Court therefore rejected the plaintiff's argument that the requirements that the contract be executed by the Superintendent and approved by the Secretary indicated a purpose to make the United States, acting as trustee of the Indians, the contracting party. According to the Court:

> ...[a]ll that was done be the government officials in supervising the execution of the contracts and their performance was consistent with the exercise of its function as protector of the Indians without the assumption by the United States of any obligation to the purchasers of the timber, and no implied obligation on its part arises from the performance of that function.

Id. at 422.

Similarly, in Sangre De Cristo, the plaintiffs leased approximately 5,000 acres from the Tesuque Indian Pueblo ("Pueblo") for the development of a golf course. 932 F.2d at 893. The lease was approved by the Department of the Interior, as required by 25 U.S.C. § 415(a).[6] Id. Subsequent to the lease's approval, the Pueblo, under new tribal leadership, formally requested that the Department void the lease. The Department agreed to void the lease based upon the Pueblo's request, as well as environmental concerns. Id. The plaintiffs then sued the United States alleging, *inter alia*, that the United States was liable under contract and trust theories. Id. at 892.

The Tenth Circuit rejected the plaintiffs' breach of contract claim, finding first that nothing in 25 U.S.C. § 415(a) indicates that Congress intended the United States to act as a party to a lease contract between an Indian tribe and a lessee. Id. at 895. The court found that:

> The United States was involved only because its approval was required under 25 U.S.C. § 415(a). Nowhere in § 415 does Congress indicate that the United States is to act as a party to a lease contract between an Indian tribe and lessee. Section 415 is no different than many other federal statutes that require federal approval of private agreements. We reject the argument that such statutes render the United States a party to agreements reached between private contracting parties merely because its approval is required before the agreements become effective.

Id.

---

[6] The lease in the instant case was also approved pursuant to 25 U.S.C. § 415(a).

This Court, applying the holdings in Algoma Lumber and Sangre De Cristo, reached the same conclusion in Warr. In Warr, the plaintiff brought an action against the United States for money damages arising out of crop losses due to inadequate water supplies from the Wapato Irrigation Project ("WIP"), which was charged with delivery of water to designated lands on the Indian Reservation. 46 Fed. Cl. at 344. The plaintiff had entered into a five-year lease to farm allotted land on an Indian reservation, which was signed by an authorized representative of the Secretary of the Interior, as required by law.[7/] Id. Over a period of several years, the plaintiff failed to pay his water assessment, and the WIP Superintendent sent notice to the plaintiff that his lease with the Indian allottees was canceled for nonpayment of rent. Id. at 345. This Court found, *inter alia*, that there was no privity of contract based upon the lease. Specifically, the Court found that the United States' role in granting approval for the lease agreement, which included a signature by the authorized representative of the Secretary of the Interior on the lease itself, as well as notice of cancellation from the WIP Superintendent, did not put the United States in privity of contract with the plaintiff. Id. at 348.[8/]

Finally, Plaintiff appears to assert that this Court has jurisdiction because the property at issue is "in trust or restricted status." Compl. ¶ 1. However, the Tenth Circuit in Sangre De Cristo similarly rejected the plaintiffs' attempt in that case to bolster its breach of contract claim

---

[7/] The lease was approved pursuant to 25 U.S.C. § 415(a). See 46 Fed. Cl. at 348.

[8/] Indeed, even if Defendant had drafted the lease, that fact alone would not make it a party to the lease. The "government can, as a condition of providing federal assistance . . . to one or both parties, require that their contract conform to certain standards, follow a particular format, include certain terms, and/or be approved by the responsible federal agency without thereby waiving the Government's sovereign immunity and establishing privity of contract between the Government and either non-federal party with respect to the terms of contract." Sucesion J. Serralles, Inc. v. United States, 46 Fed. Cl. 773, 787 (Fed. Cl. 2000).

by combining it with a breach of trust claim. 932 F.2d at 895-96. Relying upon the Supreme Court's decision in Algoma Lumber, the court held that even if the United States had signed the lease as trustee for the Pueblo, that fact alone would not render the Government liable to the plaintiffs. Id. at 896.

Drawing on the Algoma Lumber decision, the court in Sangre De Cristo decided that the United States cannot be held contractually liable to third parties under a trust theory when it acts on behalf of Indians. 932 F.2d at 896. In so holding, the court specifically dismissed the plaintiff's contention that the Supreme Court's holding in Mitchell, 463 U.S. 206, overruled Algoma. Id.; see also Warr, 46 Fed. Cl. at 349 ("Algoma was not overruled by Mitchell"). Indeed, Sangre de Cristo held that while the Mitchell case found the United States liable to the Quinault Indians based on a "limited trust" theory, the Supreme Court was "not presented with the issue of whether the United States can be held liable to *third parties* who, with the United States' approval, contract with Indian tribes." 932 F.2d at 896 (emphasis in the original).

Thus, the decisions in Algoma, Sangre De Cristo and Warr make clear that where, as here, the United States grants its approval to a lease pursuant to statutory and regulatory authority, the United States may not be considered a party to the lease.[9] Accordingly, in the absence of privity, Plaintiff cannot bring or maintain an action against the United States. In this circumstance, the United States has not waived its sovereign immunity and, as a result, this

[9] Nor Defendant was a party to any implied-in-fact contract with Plaintiff for the reasons stated above. "For the government to be considered a party to a contract implied-in-fact we must find mutuality of intent to contract, consideration, lack of ambiguity in offer and acceptance -- the same elements required for a written or express contract -- and conduct by a government representative with actual authority to bind the government in contract." Navajo Nation v. United States, 46 Fed. Cl. 217, 236 (Fed. Cl. 2000) (citations omitted); see Rosenberg v. United States, 72 Fed. Cl. 387, 396 (Fed. Cl. 2006).

Court must dismiss Plaintiff's claims for money damages for lack of subject matter jurisdiction. In the alternative, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### B. Plaintiff's Claim for Specific Performance Must Fail Because This Court May Not Order Such Equitable Relief

Plaintiff has also requested that this court set aside the termination of the lease and order specific performance because Plaintiff "want to continue its [l]ease with CRIT." Compl. ¶ 21. However, as this Court has stated, it "is not vested with the authority to order equitable relief such as specific performance" with certain specific exceptions, such as those set forth in 28 U.S.C. § 1491(b)(2), which are not applicable here. See Ruttenburg v. United States, 65 Fed. Cl. 43, 50 (Fed. Cl. 2005), citing King, 395 U.S. at 4 ("cases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction'"); First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (with the exception of specific carve out provisions, such as in 28 U.S.C. § 1491(b)(2), this Court "cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance"). Therefore, Plaintiff's request for specific performance must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) because Plaintiff has not established a source providing a substantive right to money damages, or, in the alternative, pursuant to RCFC

12(b)(6) for failure to state a claim because with respect to the lease, there is no privity of contract with Defendant.

Dated: January 16, 2007

Respectfully submitted,

SUE ELLEN WOOLRIDGE
Assistant Attorney General

s/*Samantha Klein*
SAMANTHA KLEIN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Address for USPS delivery:
P.O. Box 663
Washington, D.C. 20044-0663
Street Address (for Fedex or messenger delivery):
601 D St. NW, Rm. 3206
Washington DC 20004
samantha.klein@usdoj.gov
(202) 305-0474 (PHONE)
(202) 305-0506 (FAX)

OF COUNSEL:
Janet L. Wong
U.S. Department of the Interior
Office of the Solicitor
Sandra Day O'Connor U.S. Courthouse, Suite 404
401 West Washington Street, SPC 44
Phoenix, AZ 85003-2151
(602) 364-7880 (PHONE)
(602) 364-7885 (FAX)