# Exhibit A

Form 5-5441
(PAO Revised
Oct 1971)

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS

~~FARMING~~
# LEASE

☑ DATE JUN 2 3 1992 INITIAL: [initials]
☑ Lessee Copy
☑ Lessor Copy Yakima Land Enterprise
☑ SMC Copy

Allotment No. 1518 & T-1518 / 1518-B & T-1518-B

Lease No. 1-1-7634-9296

YAKIMA Indian Agency

Contract No.

THIS CONTRACT, made and entered into this 2 day of April, 1992, by and between the Indian or Indians named below (the Secretary of the Interior acting for and on behalf of Indians), hereinafter called the "lessor," and Richard M. Warr (PH# 865-4821) of 64520 Highway 97; Toppenish, WA 98948 hereinafter called the "lessee," in accordance with the provisions of existing law and the regulations (25 CFR 162) which, by reference, are made a part hereof, WITNESSETH: That for and in consideration of the rents, covenants, and agreements hereinafter provided, the lessor hereby lets and leases unto the lessee the land and premises described as follows, to wit:

AL.1518/T-1518: SW¼NE¼, W½SE¼NE¼, N½SE¼SE¼NE¼, NE¼SE¼NE¼ (less 1518-A: 1 acre homesite, more or less, in SE¼NE¼) (less 1518-C: 1.45 homesite, more or less, in SE¼NE¼); AL.1518-B/T-1518-B: S½SE¼SE¼NE¼; all in Sec. 36, T. 11 N., R. 19 E., W.M., WA.

containing 77.55 acres, more or less, of which not to exceed SEE SMC / FARM PLAN acres may be cultivated, for the term of five (5) years, beginning on the first day of January, 1992, fully to be completed and ended on the last day of December, 1996, subject to the conditions hereinafter set forth. The lessee, in consideration of the foregoing, covenants and agrees, as rental for the land and premises, to pay $ SEE BELOW ~~(one share of all crops as hereinafter provided)~~ per annum:

| TO— | DATE DUE | AMOUNT |
|---|---|---|
| BUREAU OF INDIAN AFFAIRS | UPON APPROVAL | $1,980.00 |
| Yakima Indian Agency | Due 12/1/92 | $3,300.00 |
| P.O. Box 632 | Due 12/1/93 | $3,300.00 |
| Toppenish, WA 98948 | Due each 12/1 thereafter | $4,290.00 |

EXECUTION FEE: $171.60

In the event of the death of any of the owners to whom, under the terms of this lease, rentals are to be paid direct, all rentals remaining due and payable shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises. This provision is applicable only while the leased premises are in trust or restricted status.

While the leased premises are in trust or restricted status, the Secretary may in his discretion, and upon notice to the lessee, suspend the direct rental payment provisions of this lease in which event the rentals shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises.

This lease is subject to the following provisions:

1. "SECRETARY" as used herein means the Secretary of the Interior or his authorized representative.

2. INTEREST.—It is understood and agreed between the parties hereto that, if any installment of rental is not paid within 30 days after becoming due, interest at the rate of 6 percent per annum will become due and payable from the date such rental became due and will run until said rental is paid.

3. OPERATION AND MAINTENANCE ASSESSMENTS.—It is understood and agreed that the lessee will pay all operation and maintenance assessments annually in advance on the due date preceding each irrigation season, including any penalties accruing against the above-described land under irrigation, and will pay all charges assessed in connection with any other improvement project or district within which the lands may be located, pursuant to the existing or future orders or regulations of the Secretary.

4. REPAIRS.—It is understood and agreed that the lessee is to keep the premises covered by this lease in good repair, and the said lessee will be responsible for all damages done to buildings and fences and other improvements, except the usual wear and decay.

5. CROP LEASES.—It is understood and agreed that the lessee will not purchase or be a party to the purchase by anyone, of the lessor's share of the crop, without prior approval of the Secretary.

6. SUBLEASES AND ASSIGNMENTS.—Unless otherwise provided herein, a sublease, assignment or amendment of this lease may be made only with the approval of the Secretary and the written consent of all parties to this lease, including the surety or sureties.

7. RESERVATIONS.—It is understood and agreed that the lessor reserves the right to make oil and gas leases, grant rights of way and other legal grants, on the premises covered by this lease and that in event such a lease or grant is made, the lessee hereunder shall be entitled to damages for the actual loss sustained by him on account of said lease or grant, and to nothing more. It is further understood that in the event of a dispute between the lessee hereunder and the lessee or permittee under any oil and gas lease, right-of-way, or other grant, as to the amount of such actual damages the matter will be referred to the Secretary who shall be the sole and final judge as to the amount of the said damages.

8. UNLAWFUL CONDUCT.—The lessee agrees that he will not use or cause to be used any part of the leased premises for any unlawful conduct or purpose.

9. RELINQUISHMENT OF SUPERVISION BY THE SECRETARY.—Nothing contained in this lease shall operate to delay or prevent a termination of Federal trust responsibilities with respect to the land by the issuance of a fee patent or otherwise during the term of the lease; however, such termination shall not serve to abrogate the lease. The owners of the land and the lessee and his surety or sureties shall be notified by the Secretary of any such change in the status of the land.

10. IMPROVEMENTS.—Unless otherwise provided herein it is understood and agreed that any buildings or other improvements placed upon the said land by the lessee become the property of the lessor upon termination or expiration of this lease.

11. VIOLATIONS OF LEASE.—It is understood and agreed that violations of this lease shall be acted upon in accordance with the regulations in 25 CFR 131.

12. ASSENT NOT WAIVER OF FUTURE BREACH OF COVENANTS.—No assent, express or implied, to any breach of any of the lessee's covenants, shall be deemed to be a waiver of any succeeding breach of any covenants.

13. UPON WHOM BINDING.—It is understood and agreed that the covenants and agreements hereinbefore mentioned shall extend to and be binding upon the heirs, assigns, executors, and administrators of the parties to this lease. While the leased premises are in trust or restricted status, all the lessee's obligations under this lease, and the obligations of its sureties, are to the United States as well as to the owner of the land.

14. INTEREST OF MEMBER OF CONGRESS.—No Member of, or Delegate to Congress, or Resident Commissioner, shall be admitted to any share or part of this contract or to any benefit that may arise herefrom, but this provision shall not be construed to extend to this contract if made with a corporation or company for its general benefit.

15. APPROVAL.—It is understood and agreed that this lease shall be valid and binding only after approval by the secretary.

Form 5-5441
(PAO Revised
Oct 1971)

Provision 17

This lease is subject to the following Soil and Moisture Conservation provisions:

1. It is the responsibility of the Lessee and the SMC division of the Bureau of Indian Affairs to maintain and improve the soil and water resources covered in this lease.

2. TECHNICAL SERVICES.--It is understood and agreed that the Secretary will provide technical assistance in planning for and establishing conservation practices and assist in making necessary surveys needed to carry out soil and moisture conservation improvements. Any plan or practice resulting from other technical services must be approved by the Secretary before applied to the land.

3. MINIMUM CONSERVATION OF RESOURCES.--It is understood and agreed that the lessee is responsible for the application of basic and minimum conservation practices and will perform all operations in a husbandlike manner. Practices-employed and minimum application thereof to accomplish soil and water resource maintenance, are subject to concurrence of the Secretary.

4. CROPPING SYSTEMS.--The land use plans and cropping systems employed by the lessee are subject to the approval of the Secretary.

No field will be used for the same row crop for over two consecutive seasons (unless an exception is made by the Secretary).

Corn cut for silage will not exceed two years in a five-year period.

Rotations must include high residue crops or employ the use of barnyard manure or other organic material to replace organic material removed from the soil.

5. BURNING.--Burning plant residue and weeds is prohibited unless allowed by special permit from the Secretary. During the fire season a permit from the fire district is also required.

6. CROP RESIDUE MANAGEMENT.--All crop residue (wheat stubble, mint slugs, corn stalks, etc.) will be incorporated back in the soil as soon as possible after harvest including crop residue the last year of the lease. Where grain straw is baled or otherwise removed it will be considered a low residue crop in the rotation, e.g. the same as corn cut for silage (Paragraph 4).

7. WEED CONTROL.--Weeds, plants considered to have a negative economic value, will be controlled in fields, along fences, roadways, ditches and on idle land.

Minimum control is considered to be prevention from producing seeds. Control may be by cultivation, chemical applications, burning, or pasturing, provided other provisions of the lease are not violated.

8. PROPERTY LINES.--Identification of property lines will be preserved. Fence lines, corner markers, and other features that show the location of property corners and boundary lines will be protected, unless removal is approved by the Secretary.

9. IRRIGATION WATER CONTROL.--a. Good irrigation practices will be employed to prevent excessive soil erosion, leaching, and other water-caused damage to the land.

b. Surface wasteways where needed will be established and maintained away from each field to prevent ponding, water logging, or other damage to this and adjoining properties.

c. Lessee is required to make beneficial use of water delivered through the irrigation project.

d. Any soil water table buildup or soil drainage problem will be reported to the Agency Conservationist for investigation.

10. IMPROVEMENTS.--It is understood and agreed that any land improvement or construction for improvement of land or irrigation facilities whether scheduled as a lease commitment or not, will be subject to approval of the Secretary before work is started. Completed projects must also be approved by the Secretary before acceptance.

11. CONTROL OF LIVESTOCK.--Where the lessee uses land for pasturing or feeding livestock it is understood and agreed that he is responsible for the containment of said livestock.

12. ENVIRONMENTAL COMPLIANCE.--It is understood and agreed that as environmental protection agencies' regulations are interpreted and applied to the uses made of agricultural lands the lessee will regulate his operation to comply with said regulations.

13. The approving officer or his representative and the lessor may enter upon and inspect the premises covered by this lease at such reasonable times as may be desired. Whenever locks are placed on gates, keys must be furnished the Land Operations SMC Office.

14. The lessee agrees to practice proper grazing management on all lands covered by this lease. This includes protecting the desirable native grasses, forbs and shrubs from overgrazing. Feedlots and over winter areas must be fenced and managed properly.

15. TRASH AND GARBAGE DISPOSAL.--The lessee will not dump, or permit others to dump, trash or garbage on this leased land.

THIS ACTION IS COVERED BY AN ENVIRONMENTAL ASSESSMENT AND NEGATIVE DECLARATION SIGNED AND FILED AT THE YAKIMA AGENCY BY THE SUPERINTENDENT ON APRIL 29, 1976.

Allotment 1518 & 1518-B (1518)SW4NE4, W2SE4NE4, N2SE4SE4NE4, NE4SE4NE4 (Less 1518-A, 1 ac. M/L HS in SE4NE4 and less 1.45 acres M/L HS in SE4NE4) 72.55 ac. M/L and (1518-B)S2SE4SE4NE4; 5 ac. M/L Sec.36-11-19

Special Practices & Commitments: None.

Total Ac.______
O & M ______
Crop Ac.______
AUM ______
L.NO.______
Ten.______
Rent ______
Photo# ______

Land Use: General cropping, hayland.

Soil Conservationist

Lessee RICHARD WARR



*U.S. GPO: 1989-6'4-719/00186

EXHIBIT "A"

Provision No. 18
Allot. No. 1518/T-1518
1518-B/T-1518-B

ACCESS

It is understood and agreed that the Superintendent be and he is hereby authorized to grant access road privileges through the within described lands for serving adjacent or nearby inaccessible Indian trust lands. Provided, however, that said access roads be established as well as operated with least possible damage to within lands. And further, that the Superintendent shall be sole judge of equities involved.

PRIVILEGE OF SUCCEEDING LESSEE

It is understood and agreed the succeeding shall have privilege of occupying the fields for the purpose of preparing the land for the ensuing year's crop on and after December 1st preceding the expiration of the lease.

WATER POLLUTION

The lessee agrees to comply with all applicable water pollution control laws, regulations, and State and Federal Water pollution control agencies recommendations, in the construction of all sewerage systems, sewage treatment or disposal plants or systems, or in the improvement or extension of any sewerage systems or sewage treatment or disposal plants.

DELINQUENT PENALTY

Provision No. 2 is amended to read: It is understood and agreed between the parties hereto that, if any installment or rental is not paid within 30 days after becoming due, penalty at the rate of 18 percent per annum will become due and payable from the date such rental became due and will run until said rental is paid.

IMPROVEMENTS

All buildings and inside fences owned by Lessee located on this tract must be removed within 30 days upon termination or expiration of lease.

UPKEEP OF IMPROVEMENTS

In the event Lessee has possession of buildings, they must be kept in an orderly and sanitary condition.

ASC AGREEMENT — SUPERINTENDENT

Permission is granted to include this tract of land with other lands a Farm Unit for participation in the County ASC Program.

PAGE TWO - EXHIBIT "A"

HOLDING OVER

Holding over by the Lessee after the termination of this lease shall not constitute a renewal or extension thereof or give the Lessee any rights hereunder or in or to the leased premises.

PROPERTY OF LESSOR: None

PROPERTY OF LESSEE: None

Date: 4/22/92 ______________ Richard M. Warr LESSEE

Form 5-5441

16. Additions. Prior to execution of this lease, provision(s) number(s) 17, 18 & 19 has (have) been added hereto and by reference is (are) made a part hereof.

IN WITNESS WHEREOF, the lessee (and lessor has (have) hereunto affixed his (their) hand(s) and seal(s), the day and year first above written (and the lessor hereunto has caused to be attached his legal acceptance on which he has affixed his hand and seal).

Two witnesses to each signature:

Richard M. Warr — Lessee

Lessee

Yakima Land Enterprise

For and on behalf of the Yakima Tribal Council pursuant to Sec. 8. as modified, of the Plan of Operations of the Tribal Land Enterprise and Land Committee minutes dated 3-24-92 — Lessor

Lessor

Lessor

Lessor

Lessor

Lessor

Previous Rent: $3,500/yr. to Donald & David Nelson, expired 12/31/84
F.R.: $4,280/yr (2/92 per call to Ken Smith)
Offer: 1st year: $1,980; 2nd & 3rd year: $3,300/yr.; 4th & 5 year: $4,290/yr.
O&M: 37.5(A) 37.5(B)
Land Committee approved 3/24/92
Granted in accordance to 25CFR 162.5(3)

Approved May 26, 1992

SUPERINTENDENT Approving Official

Granted under the Act of July 8, 1940 (54 Stat. 745) for entire ownership.

# FIRE DISTRICT NO. 5
# ASSESSMENT AGREEMENT

PROVISION NO. 19

| | | |
|---|---|---|
| LESSEE: Richard M. Warr | LEASE NO. | ALLOT. NO. |
| ADDRESS 64520 Highway 97 | 1-1-7634-9296 | 1518/T-1518 & 1518-B/T-1518-B |
| Toppenish, WA 98948 | LEASE TERM | YEARS Five (5) |
| PH# 865-4821 | From: 1/01/92 | To: 12/31/96 |

LAND DESCRIPTION AL 1518/T-1518: SW¼NE¼, W½SE¼NE¼, N½SE¼SE¼NE¼, NE¼SE¼NE¼, (less 1518-A: 1 acre homesite, more or less, in SE¼NE¼) (less 1518-C: 1.45 homesite, more or less in SE¼NE¼); AL 1518-B/T-1518-B: S½SE¼SE¼NE¼; All in Sec. 36, T. 11 N., R. 19 E., W.M., WA, containing 77.55 acres, m/l.

FIRE PROTECTION FEE $ 67.75

It is understood and agreed that the lessee will pay annually, on the date specified for rental payment, the above fee for fire protection. This fee shall not exceed the levy charged for fire protection on comparable non-Indian lands in the vicinity.

Payment will be made to YAKIMA COUNTY FIRE DISTRICT No. 5 and deposited with YAKIMA COUNTRY FIRE DISTRICT No. 5, P. O. Box 447, Zillah, Washington 98953.

Yakima County Fire District No. 5 shall have the right to adjust the levy on leases exceeding six years, if necessary to conform with fees charged on similar land in the vicinity.

DATE 4/22/92 Richard M. Warr (LESSEE)

DATE

(LESSEE)

DATE:



dmm 4/2/92

124 17578

# LAND COMMITTEE ACTION

ITEM NO. 10 (92-17) DATE: April 28, 1992

DATE OF APPLICATION: FEBRUARY 20, 1992

TYPE OF APPLICATION: REQUEST FIVE (5) YEAR FARMING LEASE TO BEGIN 01/01/92.

ALLOTMENT NO. AND DESCRIPTION: AL.1518 & T-1518: SW4NE4, W2SE4NE4, N2SE4SE4NE4, NE4SE4NE4 (LESS 1518-A; 1 ACRE HOMESITE, MORE OR LESS; IN SE4NE4 AND 1518-C; 1.45 HOMESITE, MORE OR LESS IN SE4NE4); AL.1518-B & T-1518-B; S2SE4SE4NE4; ALL IN SEC. 36, T. 11 N., R. 19 E., W.M., WA., CONT. 77.55 ACRES, MORE OR LESS.

APPLICANT: RICHARD M. WARN (PH# 865-4821)
64520 HWY 97
TOPPENISH, WA 98948

OFFER: 1ST YEAR: $1,980.00; 2ND YEAR: $1,980.00; 3RD YEAR $3,300.00; 4TH & 5TH YEAR: $4,290.00 PER YEAR.

APPRAISAL: $4,280.00 PER YEAR PER CALL TO KEN SMITH (2/92)

PREVIOUS RENT: $3,500.00 FOR ONE (1) YEAR TO DONALD NELSON, EXPIRED 12/31/84.

REMARKS:
1. O & M: (A) 37.5 (B) 37.5
2. IDLE SINCE 1984 WITH NO BIDS OR OFFERS.
3. TRIBE'S INTEREST: .8888888 IN EACH ALLOTMENT.
4. LEASING SECTION RECOMMENDS APPROVAL.

ACTION RECOMMENDED BY LAND ENTERPRISE MANAGER: (Refer: LCA NO. 92-09, ITEM #04, DTD. 01/27/92)
1. Land Enterprise Manager recommends rejection; however would recommend $1,980.00 for 1st year; $3,300.00 2nd year & 3rd year; $4,290.00 thereafter.

Date: 03/24/92 [signature]
Land Enterprise Manager

ACTION TAKEN: Motion to reject and accept Land Enterprise Manager's recommendation.

MOTION BY: Cecil Sanchey SECONDED BY: Ross Sockzehigh

NO. MEMBERS PRESENT: 4 VOTE: FOR: 3 AGAINST: 0

[signature]
Clifford Moses, Chairman
Tribal Land Committee



RAJ:DMM

124 17578

C E R T I F I C A T I O N

This is to certify that the attached Lease No. 1-1-7634-9296

From HEIRS OF Ida Scowlole Lessor(s), Grantor(s),

To: Richard M. Warr Lessee(s), Grantee(s),

In conformity with existing laws and regulations, and all Realty records have been checked as to description, ownership and proper identification of grantor/grantee and conformity extends to and includes all supporting documents and other materials as may be specified and required in the Code of Federal Regulations.

This in regard to Tract No. 1518/T1518, 1518-B/T1518-B

Whereby title is held in Trust XXX Fee ________

That this is a portion of the parent tract and will require a parcel number - Yes ______ NO XXX

Julia M. Hill
REALTY OFFICER

Approved: June 29, 1992 Steve J. Ohay
SUPERINTENDENT

Refer: Previous Document recorded #124-________

RECEIVED OR FILED
BUR. INDIAN AFFRS.
PORTLAND AREA OFFICE

124 17578
92 JUL 15 A 7:53

BRANCH OF REALTY
TITLES & RECORDS
SECTION

DOCUMENT TRANSMITTAL MEMO

To: Portland Title Plant Date: 6/23/92
From: YAKIMA AGENCY-REALTY

Please record the attached document and:

XX Return
☐ Retain in Title Plant
☐ (Other - Specify)

Reservation (Code No. only) 124 Tract No. 1518,1518
Type Document (Code No.) 23
Agency's File No. (if any) LEASE NO. 1-1-7634-9296

Julie M. Hill
Authorized Signature

TRANSMITTAL ACKNOWLEDGEMENT

To: Yakima Agency Date: 7/15/92
From: Portland Title Plant

The document identified above has been recorded under No. 124 17578 (see date-time stamp on reverse) and is:

☑ Returned herewith
☐ Retained
☐

Elaina M. VanCle
Authorized Signature

(TITLE PLANT USE ONLY)
Date entered in Recordation Register 7/15/92
EXAMINER'S REMARKS:

JUL 13 1992
RECEIVED

Q(11-69)


INITIAL