EXHIBIT "A"

# COLORADO RIVER INDIAN TRIBES

*Realty Services*

ROUTE 1, BOX 23-B
PARKER, ARIZONA 85344
(520) 669-6800 • FAX (520) 669-6762


July 20, 2001

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

George C. Kaiser
c/o John Kaiser
1220 Bracero LN
Lake Havasu City, AZ 86403

Dear Mr. Kaiser:

You are hereby notified, that as Lessee of Lease No. B-549-CR covering use and occupancy of tribal lands, Lots 22, 23, 24 and 25 within the Tribes' Industrial Park, located in the NW¼, Section 7, Township 9 North, Range 19 West, located on the Colorado River Indian Reservation, are in violation of the terms and conditions of the Lease in the following manner:

Article 17. SUBLEASE, ASSIGNMENT, TRANSFER states: The Lessee shall not sublease, assign, or transfer this lease or any right to or interest in this lease or any of the improvements on the leased premises, without the written approval of the Lessor, the Secretary and Sureties and no such sublease, assignment of transfer shall be valid or binding without such approval, and then only upon the condition that the Sublessee, Assignee or other successor in interest, excepting an approved encumbrancer, shall agree in writing to be bound by each and all of the covenants and conditions of this Lease. Should the Lessee attempt to make any such sublease, assignment or transfer, except as aforesaid, such action shall be deemed a breach of this lease, excepting that an encumbrancer, as herein set forth, may enforce his rights in the manner hereinafter provided. Such approval of one sublease, assignment or transfer shall not validate a subsequent sublease, assignment or transfer, and the restrictions of this Article shall apply to each successive sublease, assignment or transfer hereunder and shall be severally binding upon each and every sublessee, assignee, transferee and other successor in interest of the Lessee, excepting an encumbrancer.

The Lessor and the Secretary shall not unreasonably withhold approval of any sublease, assignment or transfer and shall either approve or state his reasons for disapproval within sixty (60) days after the sublease, assignment or transfer is submitted to him for approval. Contracting of management of parts and body operations conducted on the leased premises shall not be considered subleasing as that term is understood and used in this lease.

VIOLATION: Due to Bradley Chevrolet being located on the premise without an approved Sublease, Assignment or Transfer document, which includes any right to or interest in this lease or any of the improvements on the leased premises, you are in breach of your lease, and subject to cancellation.

Article 24. <u>PUBLIC LIABILITY INSURANCE</u>, states in part: "At all times during the term of this lease, Lessee shall carry a public liability insurance policy in the amount of not less than $800,000.00/$1, 250,000.00 for personal injury and $150, 000.00 for property damage, said policy to be written jointly to protect Lessee, Lessor and the United States of America. Copy of said policy shall be furnished the Lessor and the Secretary..."

Article 25. <u>FIRE AND DAMAGE INSURANCE</u>, states in part: "Lessee or sublessee shall, from the date of approval of this lease carry fire insurance with extended coverage endorsements, and vandalism, jointly in the names of the Lessee or sublessee, Lessor and the United States of America, covering not less than eighty per cent (80%) of the insurable value of all insurable improvements on the leased premises. Said policy or policies or copies thereof shall be deposited with the Lessor and the Secretary, and Lessee or sublessee shall pay all premiums ...and shall deposit with the Lessor and the Secretary the receipt for each premium or other charge as paid..."

VIOLATION: The Public Liability Insurance and the Fire and Damage Insurance filed in our office are not current. It is the Lessees responsibility to file and maintain current insurance documents through the term of this lease. You are in breach of your lease agreement and subject to cancellation.

In accordance with Title 25, Chapter 1, Code of Federal Regulations, Part 162.14, you are hereby notified that you have ten (10) days from your acknowledged receipt of this notice or until close of business on August 10, 2001, whichever occurs first, to *Show Cause* why Lease No. B-549-CR should not be cancelled for breach of your lease.

A copy of this letter is being sent certified and regular mail to assure that you receive it.

Sincerely yours,

Herman Laffoon, Jr.
Commercial Manager

SOUTHWEST AUTO CENTER HILLTOP (520) 505-5559 07/23/01 12:55P P.003

# EXHIBIT "B"

**COLORADO RIVER INDIAN TRIBES**

*Realty Services*

ROUTE 1, BOX 23-B
PARKER, ARIZONA 85344
(520) 669-6800 • FAX (520) 669-6762

August 20, 2001

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

John Kaiser
1220 Bracero LN
Lake Havasu City, AZ 86403

Dear Mr. Kaiser:

On July 20, 2001, you were notified that Lease No. B-549-CR, Saguaro Chevrolet, Inc., was in violation of the terms and conditions of the Lease for the following reasons: Article 17. SUBLEASE, ASSIGNMENT, TRANSFER; Article 24. PUBLIC LIABILITY INSURANCE; and Article 25. FIRE AND DAMAGE INSURANCE.

We are in receipt of you letter of July 27, 2001, which makes reference to a Purchase Agreement effective July 12, 2000, whereby Saguaro Chevrolet, Inc. was to be transferred to Bradley Chevrolet and the final paperwork for the transfer is in process but the agreement was signed last July. And, therefore, your letter indicated there had been no assignment, sublease or transfer of the property.

Because Bradley Chevrolet is presently located on the leased premises without any type of an approved agreement, (in accordance with Article 17 of your lease) it is requested that copies of the transfer documents from Saguaro Chevrolet, Inc., to Bradley Chevrolet be provided to the Realty Office by August 31, 2001.

The Certificate of Insurance received was in the name of Bradley Chevrolet, Inc, for the period August 1, 2001 to August 1, 2002. It is requested that information pertaining to the UMBRELLA insurance be provided to the CRIT Realty Office by August 31, 2001, in order to substantiate the coverage for Article 25. FIRE AND DAMAGE INSURANCE.

Your utmost cooperation is requested, as the VIOLATIONS outlined in our letter of July 20, 2001 have not been fully satisfied. As our letter indicates, your lease agreement is in breach and subject to cancellation.

SOUTHWEST AUTO CENTER HILLTOP (520) 505-5559 08/22/01 03:01P P.001

# EXHIBIT "C"

United States Department of the Interior
BUREAU OF INDIAN AFFAIRS
COLORADO RIVER AGENCY
Route 1, Box 9-C
Parker, Arizona 85344

IN REPLY REFER TO:
Real Estate Services
(928) 669-7141

FEB 11 2003

CERTIFIED MAIL - 7000 1670 0002 1312 4011 - RETURN RECEIPT REQUESTED

Mr. John Kaiser
1220 Bracero Lane
Lake Havasu City, Arizona 86403

Dear Mr. Kaiser:

The Colorado River Indian Tribes notified you by letters dated July 20, 2001, and August 20, 2001, of the violations involving Lease No. B-549-CR. According to our records, Lease No. B-549-CR, in the name of Saguaro Chevrolet, Inc., was approved by the Superintendent, Bureau of Indian Affairs, on August 20, 1981. The three violations cited in the letters are listed as follows:

1. VIOLATION: Article 17. SUBLEASE, ASSIGNMENT, TRANSFER, states in its entirety, ". . . The Lessee shall not sublease, assign, or transfer this lease or any right to or interest in this lease, or any of the improvements on the leased premises, without the written approval of the Lessor, the Secretary and Sureties and no such sublease, assignment or transfer shall be valid or binding without such approval, and then only upon the condition that the Sublessee, Assignee or other successor in interest, excepting an approved encumbrancer, shall agree in writing to be bound by each and all of the covenants and conditions of this Lease. Should the Lessee attempt to make any such sublease, assignment or transfer, except as aforesaid, such action shall be deemed a breach of this lease, excepting that an encumbrancer, as herein set forth, may enforce his rights in the manner hereinafter provided. Such approval of one sub-lease, assignment or transfer shall not validate a subsequent sublease, assignment or transfer, and the restrictions of this Article shall apply to each successive sublease, assignment or transfer hereunder and shall be severally binding upon each and every sublessee, assignee, transferee and other successor in interest of the Lessee, excepting an encumbrancer.

". . . The Lessor and the Secretary shall not unreasonably withhold approval of any sublease, assignment, or transfer and shall either approve or state his reasons for disapproval within sixty (60) days after the sublease, assignment or transfer is submitted to him for approval. Contracting of management of parts and body shop operations conducted on the leased premises shall not be considered subleasing as

that term is understood and used in this Lease."

**Violation has not been cured.**

2. VIOLATION: Article 24. PUBLIC LIABILITY INSURANCE, states in part. ". . . At all times during the term of this lease, Lessee shall carry a public liability insurance policy in the amount of not less than $800,000.00/$1,250,000.00 for personal injury and $150,000.00 for property damage, said policy to be written jointly to protect Lessee, Lessor and the United States of America. Copy of said policy shall be furnished to the Lessor."

**Violation has not been cured.**

3. VIOLATION: Article 25 FIRE AND DAMAGE INSURANCE, states in part. ". . . Lessee or sublessee shall, from the date of approval of this lease carry fire insurance with extended coverage endorsement, and vandalism, jointly in the names of the Lessee or sublessee, Lessor and the United States of America, covering not less then eight percent (8%) of the insurable value of all insurable improvements on the leased premises. Said policy or policies or copies thereof shall be deposited with the Lessor and the Secretary and Lessee or sublessee shall pay all premiums...and shall deposit with the Lessor and the Secretary the receipt for each premium or other charge as paid."

**Violation has not been cured.**

In lease provision No. 15, Rental Bonds, states in part, ". . . In lieu of furnishing a surety bond, Lessee may deposit with the Secretary cash or negotiable United States Treasury Bonds or other negotiable Treasury obligations, time deposit or savings and loan association passbook, in the appropriate amount, together with power of attorney, appointing and empowering the Secretary, in the event of Lessee's default in any of the rent provisions of this lease, to pay over any such cash or to withdraw the funds from any such savings and loan association account or to dispose of Lessor's option as liquidated damages to or for the benefit of the Lessor, subject to Lessee's privilege of curing said defaults as hereinafter provided.."

The Receipt of Time Deposit, under Account No. 008586915 issue date 04/07/88 in the amount of $500.00 will be applied as liquidated damages to cover the costs associated with this cancellation.

According to 25 Code of Federal Regulations, Part 162.619, you are hereby notified that Lease No. B-549-CR, in the name of Saguaro Chevrolet, Inc., is cancelled effective thirty (30) days from the date of receipt of this letter, for failure to cure the violations mentioned herein.

This decision may be appealed to the Regional Director, Bureau of Indian Affairs, Western Regional Office,P.O. Box 10, Phoenix, Arizona 81004-0010, in accordance with the regulations in 25 CFR Part 2 (copy enclosed). YOUR NOTICE OF APPEAL MUST BE FILED IN THIS OFFICE WITHIN

THIRTY (30) DAYS OF THE DATE YOU RECEIVE THIS NOTICE. The date of filing your notice of appeal is the date it is postmarked or the date it is personally delivered to this office. Your notice of appeal must include your name, address, and telephone number. It should clearly identify the decision being appealed. If possible, attach a copy of the decision. The notice and the envelope in which it is mailed should be clearly labeled, **"Notice of Appeal"**. Your notice of appeal must list the names and addresses of the interested parties known to you and certify that you have sent them copies of the notice. You must also send a copy of your notice of appeal to the Regional Director on page 2.

If an appeal is not timely filed, this decision will become final for the Department of Interior at the expiration of the appeal period. No extension of time may be granted for filing a notice of appeal.

You are hereby noticed to vacate the premises within thirty (30) days from the date of receipt of this cancellation letter.

A copy of this letter is being sent by regular mail.

Sincerely

Acting Superintendent

Enclosures

Appeal Paragraph for Superintendent's Decision

This decision may be appealed to the Regional Director, Bureau of Indian Affairs, Western Regional Office, 400 N Fifth Street, Phoenix, Arizona 85004, in accordance with the regulations in 25 CFR Part 2 (copy attached). **Your notice of appeal must be filed within thirty (30) days of the date you receive this decision.** The date of filing your notice of appeal is the date it is postmarked or the date it is personally delivered to this office. Your notice of appeal must include your name, address, and telephone number. It should clearly identify the decision being appealed. If possible, attach a copy of the decision. The notice and the envelope in which it is mailed should be clearly labeled "Notice of Appeal. Your notice of appeal must list the names and addresses of the interested parties known to you and certify that you have sent them copies of the notice. You must also send a copy of your notice of appeal to the Regional Director, at the address given above.

If no appeal is timely filed, this decision will become final for the Department of Interior, at the expiration of the appeal period. No extension of time may be granted for filing a notice of appeal.

any Area Director or Agency Superintendent.

[25 FR 3124, Apr. 12, 1960]

## PART 2—APPEALS FROM ADMINISTRATIVE ACTIONS

Sec.
2.1 Information collection.
2.2 Definitions.
2.3 Applicability.
2.4 Officials who may decide appeals.
2.5 Appeal bond.
2.6 Finality of decisions.
2.7 Notice of administrative decision or action.
2.8 Appeal from inaction of official.
2.9 Notice of an appeal.
2.10 Statement of reasons.
2.11 Answer of interested party.
2.12 Service of appeal documents.
2.13 Filing documents.
2.14 Record address.
2.15 Computation of time.
2.16 Extensions of time.
2.17 Summary dismissal.
2.18 Consolidation of appeals.
2.19 Action by Area Directors and Education Programs officials on appeal.
2.20 Action by the Assistant Secretary—Indian Affairs on appeal.
2.21 Scope of review.

AUTHORITY: R.S. 463, 465; 5 U.S.C. 301, 25 U.S.C. 2, 9.

SOURCE: 54 FR 6480, Feb. 10, 1989, unless otherwise noted.

### § 2.1 Information collection.

In accordance with Office of Management and Budget regulations in 5 CFR 1320.3(c), approval of information collections contained in this regulation is not required.

### § 2.2 Definitions.

*Appeal* means a written request for review of an action or the inaction of an official of the Bureau of Indian Affairs that is claimed to adversely affect the interested party making the request.

*Appellant* means any interested party who files an appeal under this part.

*Interested party* means any person whose interests could be adversely affected by a decision in an appeal.

*Legal holiday* means a Federal holiday as designated by the President or the Congress of the United States.

*Notice of appeal* means the written document sent to the official designated in this part, indicating that a decision is being appealed (see § 2.9).

*Person* includes any Indian or non-Indian individual, corporation, tribe or other organization.

*Statement of reasons* means a written document submitted by the appellant explaining why the decision being appealed is in error (see § 2.10).

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### § 2.3 Applicability.

(a) Except as provided in paragraph (b) of this section, this part applies to all appeals from decisions made by officials of the Bureau of Indian Affairs by persons who may be adversely affected by such decisions.

(b) This part does not apply if any other regulation or Federal statute provides a different administrative appeal procedure applicable to a specific type of decision.

### § 2.4 Officials who may decide appeals.

The following officials may decide appeals:

(a) An Area Director, if the subject of appeal is a decision by a person under the authority of that Area Director.

(b) An Area Education Programs Administrator, Agency Superintendent for Education, President of a Post-Secondary School, or the Deputy to the Assistant Secretary—Indian Affairs/Director (Indian Education Programs), if the appeal is from a decision by an Office of Indian Education Programs (OIEP) official under his/her jurisdiction.

(c) The Assistant Secretary—Indian Affairs pursuant to the provisions of § 2.20 of this part.

(d) A Deputy to the Assistant Secretary—Indian Affairs pursuant to the provisions of § 2.20(c) of this part.

(e) The Interior Board of Indian Appeals, pursuant to the provisions of 43 CFR part 4, subpart D, if the appeal is from a decision made by an Area Director or a Deputy to the Assistant Secretary—Indian Affairs other than the Deputy to the Assistant Secretary—Indian Affairs/Director (Indian Education Programs).

### §2.5 Appeal bond.

(a) If a person believes that he/she may suffer a measurable and substantial financial loss as a direct result of the delay caused by an appeal, that person may request that the official before whom the appeal is pending require the posting of a reasonable bond by the appellant adequate to protect against that financial loss.

(b) A person requesting that a bond be posted bears the burden of proving the likelihood that he/she may suffer a measurable and substantial financial loss as a direct result of the delay caused by the appeal.

(c) In those cases in which the official before whom an appeal is pending determines that a bond is necessary to protect the financial interests of an Indian or Indian tribe, that official may require the posting of a bond on his/her own initiative.

(d) Where the official before whom an appeal is pending requires a bond to be posted or denies a request that a bond be posted, he/she shall give notice of his/her decision pursuant to §2.7.

### §2.6 Finality of decisions.

(a) No decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final so as to constitute Departmental action subject to judicial review under 5 U.S.C. 704, unless when an appeal is filed, the official to whom the appeal is made determines that public safety, protection of trust resources, or other public exigency requires that the decision be made effective immediately.

(b) Decisions made by officials of the Bureau of Indian Affairs shall be effective when the time for filing a notice of appeal has expired and no notice of appeal has been filed.

(c) Decisions made by the Assistant Secretary—Indian Affairs shall be final for the Department and effective immediately unless the Assistant Secretary—Indian Affairs provides otherwise in the decision.

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### §2.7 Notice of administrative decision or action.

(a) The official making a decision shall give all interested parties known to the decisionmaker written notice of the decision by personal delivery or mail.

(b) Failure to give such notice shall not affect the validity of the decision or action but the time to file a notice of appeal regarding such a decision shall not begin to run until notice has been given in accordance with paragraph (c) of this section.

(c) All written decisions, except decisions which are final for the Department pursuant to §2.6(c), shall include a statement that the decision may be appealed pursuant to this part, identify the official to whom it may be appealed and indicate the appeal procedures, including the 30-day time limit for filing a notice of appeal.

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### §2.8 Appeal from inaction of official.

(a) A person or persons whose interests are adversely affected, or whose ability to protect such interests is impeded by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal, as follows:

(1) Request in writing that the official take the action originally asked of him/her;

(2) Describe the interest adversely affected by the official's inaction, including a description of the loss, impairment or impediment of such interest caused by the official's inaction;

(3) State that, unless the official involved either takes action on the merits of the written request within 10 days of receipt of such request by the official, or establishes a date by which action will be taken, an appeal shall be filed in accordance with this part.

(b) The official receiving a request as specified in paragraph (a) of this section must either make a decision on the merits of the initial request within 10 days from receipt of the request for a decision or establish a reasonable later date by which the decision shall be made, not to exceed 60 days from the

date of request. If an official establishes a date by which a requested decision shall be made, this date shall be the date by which failure to make a decision shall be appealable under this part. If the official, within the 10-day period specified in paragraph (a) of this section, neither makes a decision on the merits of the initial request nor establishes a later date by which a decision shall be made, the official's inaction shall be appealable to the next official in the process established in this part.

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### § 2.9 Notice of an appeal.

(a) An appellant must file a written notice of appeal in the office of the official whose decision is being appealed. The appellant must also send a copy of the notice of appeal to the official who will decide the appeal and to all known interested parties. The notice of appeal must be filed in the office of the official whose decision is being appealed within 30 days of receipt by the appellant of the notice of administrative action described in §2.7. A notice of appeal that is filed by mail is considered filed on the date that it is postmarked. The burden of proof of timely filing is on the appellant. No extension of time shall be granted for filing a notice of appeal. Notices of appeal not filed in the specified time shall not be considered, and the decision involved shall be considered final for the Department and effective in accordance with §2.6(b).

(b) When the appellant is an Indian or Indian tribe not represented by counsel, the official who issued the decision appealed shall, upon request of the appellant, render such assistance as is appropriate in the preparation of the appeal.

(c) The notice of appeal shall:

(1) Include name, address, and phone number of appellant.

(2) Be clearly labeled or titled with the words "NOTICE OF APPEAL."

(3) Have on the face of any envelope in which the notice is mailed or delivered, in addition to the address, the clearly visible words "NOTICE OF APPEAL."

(4) Contain a statement of the decision being appealed that is sufficient to permit identification of the decision.

(5) If possible, attach either a copy of the notice of the administrative decision recieved under §2.7, or when an official has failed to make a decision or take any action, attach a copy of the appellant's request for a decision or action under §2.8 with a written statement that the official failed to make a decision or take any action or to establish a date by which a decision would be made upon the request.

(6) Certify that copies of the notice of appeal have been served on interested parties, as prescribed in §2.12(a).

### § 2.10 Statement of reasons.

(a) A statement of reasons shall be filed by the appellant in every appeal, and shall be accompanied by or otherwise incorporate all supporting documents.

(b) The statement of reasons may be included in or filed with the notice of appeal.

(c) If the statement of reasons is not filed with the notice of appeal, the appellant shall file a separate statement of reasons in the office of the official whose decision is being appealed within 30 days after the notice of appeal was filed in that office.

(d) The statement of reasons whether filed with the notice of appeal or filed separately should:

(1) Be clearly labeled "STATEMENT OF REASONS".

(2) Have on the face of any envelope in which the statement of reasons is mailed or delivered, in addition to the address, the clearly visible words "STATEMENT OF REASONS".

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### § 2.11 Answer of interested party.

(a) Any interested party wishing to participate in an appeal proceeding should file a written answer responding to the appellant's notice of appeal and statement of reasons. An answer should describe the party's interest.

(b) An answer shall state the party's position or response to the appeal in any manner the party deems appropriate and may be accompanied by or

otherwise incorporate supporting documents.

(c) An answer must be filed within 30 days after receipt of the statement of reasons by the person filing an answer.

(d) An answer and any supporting documents shall be filed in the office of the official before whom the appeal is pending as specified in § 2.13.

(e) An answer should:

(1) Be clearly labelled or titled with the words "ANSWER OF INTERESTED PARTY."

(2) Have on the face of any envelope in which the answer is mailed or delivered, in addition to the address, the clearly visible words "ANSWER OF INTERESTED PARTY," and

(3) Contain a statement of the decision being appealed that is sufficient to permit identification of the decision.

### § 2.12 Service of appeal documents.

(a) Persons filing documents in an appeal must serve copies of those documents on all other interested parties known to the person making the filing. A person serving a document either by mail or personal delivery must, at the time of filing the document, also file a written statement certifying service on each interested party, showing the document involved, the name and address of the party served, and the date of service.

(b) If an appeal is filed with the Interior Board of Indian Appeals, a copy of the notice of appeal shall also be sent to the Assistant Secretary—Indian Affairs. The notice of appeal sent to the Interior Board of Indian Appeals shall certify that a copy has been sent to the Assistant Secretary—Indian Affairs.

(c) If the appellant is an Indian or Indian tribe not represented by counsel, the official with whom the appeal is filed (i.e., official making the decision being appealed) shall, in the manner prescribed in this section, personally or by mail serve a copy of all appeal documents on the official who will decide the appeal and on each interested party known to the official making such service.

(d) Service of any document under this part shall be by personal delivery or by mail to the record address as specified in § 2.14. Service on a tribe shall be to the principal or designated tribal official or to the governing body.

(e) In all cases where a party is represented by an attorney in an appeal, service of any document on the attorney is service on the party represented. Where a party is represented by more than one attorney, service on any one attorney is sufficient. The certificate of service on an attorney shall include the name of the party whom the attorney represents and indicate that service was made on the attorney representing that party.

(f) When an official deciding an appeal determines that there has not been service of a document affecting a person's interest, the official shall either serve the document on the person or direct the appropriate legal counsel to serve the document on the person and allow the person an opportunity to respond.

[54 FR 6480, Feb. 10, 1989; 54 FR 7666, Feb. 22, 1989]

### § 2.13 Filing documents.

(a) An appeal document is properly filed with an official of the Bureau of Indian Affairs:

(1) By personal delivery during regular business hours to the person designated to receive mail in the immediate office of the official, or

(2) By mail to the facility officially designated for receipt of mail addressed to the official; the document is considered filed by mail on the date that it is postmarked.

(b) Bureau of Indian Affairs offices receiving a misdirected appeal document shall forward the document to the proper office promptly. If a person delivers an appeal document to the wrong office or mails an appeal document to an incorrect address, no extension of time should be allowed because of the time necessary for a Bureau office to redirect the document to the correct address.

(c) Notwithstanding any other provision of this section, an official deciding an appeal shall allow late filing of a misdirected document, including a notice of appeal, where the official finds that the misdirection is the fault of the government.

**§2.14 Record address.**

(a) Every interested party who files a document in connection with an appeal shall, when he/she files the document, also indicate his/her address. Thereafter, any change of address shall be promptly reported to the official with whom the previous address was filed. The most current address on file under this subsection shall be deemed the proper address for all purposes under this part.

(b) The successors in interest of a party shall also promptly inform the official specified in paragraph (a) of this section of their interest in the appeal and their address.

(c) An appellant or interested party failing to file an address or change of address as specified in this section may not object to lack of notice or service attributable to his/her failure to indicate a new address.

**§2.15 Computation of time.**

In computing any period of time prescribed or allowed in this part, calendar days shall be used. Computation shall not include the day on which a decision being appealed was made, service or notice was received, a document was filed, or other event occurred causing time to begin to run. Computation shall include the last day of the period, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

**§2.16 Extensions of time.**

An official to whom an appeal is made may, upon a showing of good cause by a party and with notice to all other parties, extend the period for filing or serving any document; *provided*, however, that no extension will be granted for filing a notice of appeal under §2.9 of this part or serve by itself to extend any period specified by law or regulation other than in this part.

**§2.17 Summary dismissal.**

(a) An appeal under this part will be dismissed if the notice of appeal is not filed within the time specified in §2.9(a).

(b) An appeal under this part may be subject to summary dismissal for the following causes:

(1) If after the appellant is given an opportunity to amend them, the appeal documents do not state the reasons why the appellant believes the decision being appealed is in error, or the reasons for the appeal are not otherwise evident in the documents, or

(2) If the appellant has been required to post a bond and fails to do so.

**§2.18 Consolidation of appeals.**

Separate proceedings pending before one official under this part and involving common questions of law or fact may be consolidated by the official conducting such proceedings, pursuant to a motion by any party or on the initiative of the official.

**§2.19 Action by Area Directors and Education Programs officials on appeal.**

(a) Area Directors, Area Education Programs Administrators, Agency Superintendents for Education, Presidents of Post-Secondary Schools and the Deputy to the Assistant Secretary—Indian Affairs/Director (Indian Education Programs) shall render written decisions in all cases appealed to them within 60 days after all time for pleadings (including all extensions granted) has expired. The decision shall include a statement that the decision may be appealed pursuant to this part, identify the official to whom it may be appealed and indicate thhe appeal procedures, including the 30-day time limit for filing a notice of appeal.

(b) A copy of the decision shall be sent to the appellant and each known interested party by certified or registered mail, return receipt requested. Such receipts shall become a permanent part of the record.

**§2.20 Action by the Assistant Secretary—Indian Affairs on appeal.**

(a) When a decision is appealed to the Interior Board of Indian Appeals, a copy of the notice of appeal shall be sent to the Assistant Secretary—Indian Affairs.

(b) The notice of appeal sent to the Interior Board of Indian Appeals shall

certify that a copy has been sent to the Assistant Secretary—Indian Affairs.

(c) In accordance with the provisions of §4.332(b) of title 43 of the Code of Federal Regulations, a notice of appeal to the Board of Indian Appeals shall not be effective until 20 days after receipt by the Board, during which time the Assistant Secretary—Indian Affairs shall have authority to decide to:

(1) Issue a decision in the appeal, or

(2) Assign responsibility to issue a decision in the appeal to a Deputy to the Assistant Secretary—Indian Affairs.

The Assistant Secretary—Indian Affairs will not consider petitions to exercise this authority. If the Assistant Secretary—Indian Affairs decides to issue a decision in the appeal or to assign responsibility to issue a decision in the appeal to a Deputy to the Assistant Secretary—Indian Affairs, he/she shall notify the Board of Indian Appeals, the deciding official, the appellant, and interested parties within 15 days of his/her receipt of a copy of the notice of appeal. Upon receipt of such notification, the Board of Indian Appeals shall transfer the appeal to the Assistant Secretary—Indian Affairs. The decision shall be signed by the Assistant Secretary—Indian Affairs or a Deputy to the Assistant Secretary—Indian Affairs within 60 days after all time for pleadings (including all extensions granted) has expired. If the decision is signed by the Assistant Secretary—Indian Affairs, it shall be final for the Department and effective immediately unless the Assistant Secretary—Indian Affairs provides otherwise in the decision. Except as otherwise provided in §2.20(g), if the decision is signed by a Deputy to the Assistant Secretary—Indian Affairs, it may be appealed to the Board of Indian Appeals pursuant to the provisions of 43 CFR part 4, subpart D.

(d) A copy of the decision shall be sent to the appellant and each known interested party by certified or registered mail, return receipt requested. Such receipts shall become a permanent part of the record.

(e) If the Assistant Secretary—Indian Affairs or the Deputy to the Assistant Secretary—Indian Affairs to whom the authority to issue a decision has been assigned pursuant to §2.20(c) does not make a decision within 60 days after all time for pleadings (including all extensions granted) has expired, any party may move the Board of Indian Appeals to assume jurisdiction subject to 43 CFR 4.337(b). A motion for Board decision under this section shall invest the Board with jurisdiction as of the date the motion is received by the Board.

(f) When the Board of Indian Appeals, in accordance with 43 CFR 4.337(b), refers an appeal containing one or more discretionary issues to the Assistant Secretary—Indian Affairs for further consideration, the Assistant Secretary—Indian Affairs shall take action on the appeal consistent with the procedures in this section.

(g) The Assistant Secretary—Indian Affairs shall render a written decision in an appeal from a decision of the Deputy to the Assistant Secretary—Indian Affairs/Director (Indian Education Programs) within 60 days after all time for pleadings (including all extensions granted) has expired. A copy of the decision shall be sent to the appellant and each known interested party by certified or registered mail, return receipt requested. Such receipts shall become a permanent part of the record. The decision shall be final for the Department and effective immediately unless the Assistant Secretary—Indian Affairs provides otherwise in the decision.

### §2.21 Scope of review.

(a) When a decision has been appealed, any information available to the reviewing official may be used in reaching a decision whether part of the record or not.

(b) When the official deciding an appeal believes it appropriate to consider documents or information not contained in the record on appeal, the official shall notify all interested parties of the information and they shall be given not less than 10 days to comment on the information before the appeal is decided. The deciding official shall include in the record copies of documents or a description of the information used in arriving at the decision. Except where disclosure of the actual documents used may be prohibited by law, copies of the information shall be made

Pt. 5

available to the parties upon request
and at their expense.